George Haines, Esq.
Nevada Bar No. 9411
Gerardo Avalos, Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM, LLC**
8985 South Eastern Ave., Suite 100
Las Vegas, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@freedomlegalteam.com
*Attorneys for Plaintiff James Houston*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

James Houston,

Plaintiff,

v.

National Consumer Telecom & Utilities Exchange, Inc. and Clarity Services, Inc.,

Defendants.

Case No.: 2:25-cv-00081

**Complaint for Damages Pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq.**

**Jury Trial Demanded**

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

**Introduction**

1. The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."
2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.
3. James Houston ("Plaintiff"), by counsel, brings this action to challenge the actions of National Consumer Telecom & Utilities Exchange, Inc. ("NCTUE") and Clarity Services, Inc. ("Clarity") (Jointly as "Defendants"), with regard to its failure to comply with the FCRA, causing harm to Plaintiff.
4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.
6. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.
7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

**Jurisdiction and Venue**

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 15 U.S.C. § 1681.
9. This action arises out of Defendants' violations of the FCRA.
10. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in Clark County, Nevada as it conducts business here. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

**Parties**

11. Plaintiff is a natural person living in Clark County, Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).
12. Defendants are corporations doing business in the State of Nevada.
13. Defendants regularly assemble and/or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports. These entities are "consumer reporting agencies" as that term is defined by 15 U.S.C. §1681a(f).
14. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

**NCTUE Failed to Provide Consumer Information**

15. On or around January 25, 2024, Plaintiff requested a consumer report from NCTUE pursuant to 15 U.S.C. § 1681g.

16. Specifically, Plaintiff sent a letter, certified, return receipt, to NCTUE, requesting a copy of Plaintiff's consumer report. Plaintiff's letter included Plaintiff's social security number, date of birth, a copy of Plaintiff's Nevada Driver License, and Plaintiff's current mailing address. The request included all of the information that NCTUE needed to identify Plaintiff and comply with the FCRA.

17. However, NCTUE never provided Plaintiff's consumer report to Plaintiff, as required under 15 U.S.C. § 1681g.

18. Plaintiff's continued efforts to obtain Plaintiff's consumer report, pursuant to 15 U.S.C. § 1681g, were fruitless.

19. NCTUE's refusal to provide Plaintiff's consumer report and disclosures was knowing and willful because NCTUE received Plaintiff's continued requests and all the information necessary to comply with 15 U.S.C. § 1681g, but NCTUE refused to provide Plaintiff's consumer report. Plaintiff is, accordingly, eligible for statutory damages.

20. Also, as a result of NCTUE's refusal to provide Plaintiff's consumer report, Plaintiff has suffered actual damages, including without limitation, fear of credit denials because of Plaintiff's inability to review consumer information, out-of-pocket expenses for the time and mailing of multiple requests, and emotional distress. Moreover, because NCTUE refused to provide Plaintiff's 1681g disclosures, Plaintiff was unable to adequately opt out of certain disclosures to other parties and ensure fair and accurate reporting of Plaintiff's credit information. Plaintiff suffered emotional distress and mental anguish as a result of NCTUE's actions described herein. Plaintiff further suffered anger, anxiety, feelings of helplessness, humiliation, and embarrassment after repeatedly being denied the right to review Plaintiff's 1681g disclosures.

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

21. By refusing to provide Plaintiff's consumer report and disclosures, NCTUE failed to take the appropriate measures as required under 15 U.S.C. § 1681g.

**Clarity Failed to Provide Consumer Information**

22. On or around January 25, 2024, Plaintiff requested a consumer report from Clarity pursuant to 15 U.S.C. § 1681g.

23. Specifically, Plaintiff sent a letter, certified, return receipt, to Clarity, requesting a copy of Plaintiff's consumer report. Plaintiff's letter included Plaintiff's social security number, date of birth, a copy of Plaintiff's Nevada Driver License, and Plaintiff's current mailing address. The request included all of the information that Clarity needed to identify Plaintiff and comply with the FCRA.

24. However, Clarity never provided Plaintiff's consumer report to Plaintiff, as required under 15 U.S.C. § 1681g.

25. Plaintiff's continued efforts to obtain Plaintiff's consumer report, pursuant to 15 U.S.C. § 1681g, were fruitless.

26. Clarity's refusal to provide Plaintiff's consumer report and disclosures was knowing and willful because Clarity received Plaintiff's continued requests and all the information necessary to comply with 15 U.S.C. § 1681g, but Clarity refused to provide Plaintiff's consumer report. Plaintiff is, accordingly, eligible for statutory damages.

27. Also, as a result of Clarity's refusal to provide Plaintiff's consumer report, Plaintiff has suffered actual damages, including without limitation, fear of credit denials because of Plaintiff's inability to review consumer information, out-of-pocket expenses for the time and mailing of multiple requests, and emotional distress. Moreover, because Clarity refused to provide Plaintiff's 1681g disclosures, Plaintiff was unable to adequately opt out of certain disclosures to other parties and ensure fair and accurate reporting of Plaintiff's credit information. Plaintiff suffered emotional distress and mental anguish as a result of Clarity's actions described herein. Plaintiff further suffered anger, anxiety,

feelings of helplessness, humiliation, and embarrassment after repeatedly being denied the right to review Plaintiff's 1681g disclosures.

28. By refusing to provide Plaintiff's consumer report and disclosures, Clarity failed to take the appropriate measures as required under 15 U.S.C. § 1681g.

**Violations of the Fair Credit Reporting Act**

**15 U.S.C. § 1681 *Et Seq*. (FCRA)**

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. §1681.

31. As a result of Defendants' actions described herein, Plaintiff suffered anger, anxiety, feelings of helplessness, emotional distress and mental anguish from the risk of harm to Plaintiff's privacy, reputational, and informational interests, protected by the FCRA.

32. Plaintiff has also missed opportunities to open new accounts for fear of loan denials or higher rates due to Defendants' actions.

33. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

34. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

///

///

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 100
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

**Prayer for relief**

35. Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1); and
- Any other relief that this Court deems just and proper.

**Jury Demand**

36. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 13, 2025.

Respectfully submitted,

**FREEDOM LAW FIRM**

/s/ *George Haines*

George Haines, Esq.
Gerardo Avalos, Esq.
8985 S. Eastern Ave., Suite 100
Las Vegas, Nevada 89123
*Counsel for Plaintiff James Houston*